UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cv-542-RJC

| | |
|---|---|
| PATRICK RICARDO SMITH, ) | |
| ) | |
| Petitioner, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| STATE OF NORTH CAROLINA, et al., ) | |
| ) | |
| Respondents. ) | |

**THIS MATTER** comes before the Court on Respondent State of North Carolina's ("Respondent") Motion for Summary Judgment. (Doc. No. 4).

I.     **BACKGROUND**

A Mecklenburg County jury convicted Petitioner Patrick Ricardo Smith ("Petitioner") of robbery with a dangerous weapon on May 7, 2004. (Doc. No. 5-2 at 15). The court sentenced Petitioner to 150 to 189 months' imprisonment the same day. (Id. at 15-16). Petitioner immediately noticed an appeal to the North Carolina Court of Appeals. (Id. at 17). The Court of Appeals remanded for a new sentencing on August 2, 2005. (Doc. No. 5-5). The trial court re-sentenced Petitioner to 90 to 117 months' imprisonment on February 14, 2006. (Doc. No. 5-6). Petitioner did not appeal.

Petitioner filed a Motion for Appropriate Relief ("MAR") in Mecklenburg County Superior Court. Petitioner signed his motion on June 15, 2006 and asserts that he asked his mother in Deland, Florida to submit the motion to the court sometime in July 2006. (Doc. Nos. 5-7 at 14; 7 at 4). Petitioner presents evidence that his mother did send packages from Deland, Florida to Mecklenburg County Superior Court and to the District Attorney's Office on August 1, 2006. (Doc. No. 7 at 8).

Hearing nothing for eleven months, Petitioner inquired into the status of his case in June 2007. (Doc. Nos. 1 at 6; 5-18). The Superior Court responded by telling him that it had never received his MAR. (Id.); see also (Doc. No. 1-5 at 36). Petitioner alleges that he then "resubmitted" his MAR in July 2007. His motion was denied by order dated September 10, 2007. (Doc. No. 1-5 at 37). The MAR court's order found that Petitioner filed his MAR on July 24, 2007. (Id.); (Doc. No. 1 at 6). Five hundred forty-nine days later, Petitioner filed a "Motion for Leave to File Late Notice of Appeal for Denial of Motion for Appropriate Relief." (Doc. No. 1-6). The MAR court held that upon further review of Petitioner's MAR, it was still without merit and denied relief. (Id.). Petitioner filed a petition for writ of certiorari almost a year later, on March 1, 2010. (Doc. No. 1-3 at 1). The Court of Appeals denied certiorari on March 17, 2010. (Id.). Petitioner filed a notice of appeal to the North Carolina Supreme Court on March 31, 2010. (Id. at 4). The court denied Petitioner's motion on June 16, 2010. (Id.).

This Court's clerk dated Petitioner's habeas petition as having been filed on October 28, 2010. (Doc. No. 1). Petitioner signed his filing on September 30, 2010. (Id. at 27); see also (Doc. No. 1-2 at 1) (notarized signature). Petitioner mailed his petition to this Court by priority mail, return receipt requested, sometime in October 2010. (Doc. No. 1-13).

## II. STANDARD OF REVIEW

Summary judgment is appropriate in those cases where there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to judgment as a matter of law. FED. CIV. P. 56(c)(2); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational

trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

### III. ANALYSIS

#### A. Statute of Limitations

A genuine issue of material fact exists as to whether Petitioner filed his MAR in August 2006, or on July 24, 2007. Petitioner's certified mail receipts show that his mother submitted a package to Mecklenburg County Superior Court on August 1, 2006. While Mecklenburg Superior Court has no record of receiving Petitioner's MAR at that time, Petitioner has submitted sufficient evidence to create an issue of fact. Respondent concedes that "[i]f the Court were to accept [July 2006 as Petitioner's filing date], it would render [his] § 2254 timely by approximately one month." (Doc. No. 5 at 8). Thus, the Court presumes Petitioner's § 2254 petition is timely-filed for purposes of this motion.

#### B. Ineffective Trial Counsel

Petitioner contends that he was denied his right to counsel at the trial level. (Doc. No. 7 at 21). Petitioner complains that the trial Court refused to provide different counsel after he reported that he and his attorney did not see eye to eye and also failed to properly warn Petitioner of the perils of representing himself. (Id.). Petitioner brought this claim before the MAR court. (Doc. No. 5-7 at 3). He did not, however, raise this ground on direct appeal with the North Carolina Court of Appeals. (Doc. No. 5-3). The MAR court denied Petitioner's claim because he could have brought this claim before the Court of Appeals, but failed to do so. (Doc. No. 1-5 at 37); see also N.C. GEN. STAT. § 15A-1419(a)(1), (a)(3), and (b). Likewise, this Court must deny Petitioner's claim because of his failure to raise this issue on direct appeal and the MAR court's application of the North Carolina procedural bar. See Nickerson v. Lee, 971 F.2d

1125, 1127 (4th Cir. 1992) ("A federal court may not address the merits of a habeas petition when the state court's denial of a petition for collateral relief rested on an independent and adequate state law ground of procedural default"); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001) (finding application of § 15A-1419 mandatory). Therefore, this claim is **DISMISSED**.

        C.        Ineffective Appellate Counsel

Petitioner recasts the above argument in his only other claim for relief. Petitioner argues that his appellate counsel was ineffective for failing to raise the above claim. (Doc. No. 7 at 19). While Petitioner could not be expected to raise this contention with the Court of Appeals, he should have, but did not, include it in his MAR. (Doc. No. 5-7). Therefore, this Court must **DISMISS** this claim as well.

A procedural default occurs "when a habeas petitioner fails to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." Hyman v. Keller, No. 10-6652, 2011 WL 3489092, at *9 (4th Cir. July 21, 2011) (quoting Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998)); see also 28 U.S.C. § 2254(b)(1)(A). Section 2254's exhaustion requirement demands that a petitioner give "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Larry v. Branker, 552 F.3d 356, 366 (4th Cir. 2009) (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)). Petitioner failed to exhaust this claim and is barred by state law from belatedly presenting it to the MAR court. See N.C. GEN. STAT. § 15A-1419(a)(1). Petitioner has failed to allege any cause to excuse his default. Therefore, this claim is **DISMISSED**.

**IV.**       **CONCLUSION**

Even assuming Petitioner's § 2254 petition is timely-filed, it must be dismissed. Petitioner failed to present his ineffective assistance of counsel at trial claim to the North Carolina Court of Appeals and failed to present his ineffective assistance of appellate counsel claim to the MAR court. Therefore, his petition must be **DISMISSED**.

**IT IS, THEREFORE, ORDERED** that:

1. Respondent's Motion for Summary Judgment. (Doc. No. 4), is **GRANTED**;

2. Petitioner's Petition for Writ of Habeas Corpus, (Doc. No. 1), is **DISMISSED**; and

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484-85 (2000) (in order to satisfy § 2253(c) when court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

Signed: March 2, 2012

Robert J. Conrad, Jr.
Chief United States District Judge